IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARY BUCKLES,
   On behalf of herself and
   those similarly situated,
   Plaintiff,

v.

EUBA CORP., et al.,
   Defendants.

Case No. 3:18-cv-355

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT (DOC. #11); PLAINTIFF TO ARBITRATE ALL CLAIMS ALLEGED AGAINST DEFENDANTS AS AN INDIVIDUAL PLAINTIFF; PLAINTIFF'S CLAIMS STAYED; MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (DOC. #19), SUSTAINED WITH OPT-IN PLAINTIFF MICHAEL HUNTER MCCONNELL, THROUGH HIS REPRESENTATIVE, KACEY LEANN MCCONNELL, SUBSTITUTED AS CLASS REPRESENTATIVE IN LIEU OF MARY BUCKLES

---

Before this Court are two pending motions: (1) Defendants, EUBA Corp., ("EUBA") Steve DePugh ("DePugh") and David Sharpe ("Sharpe") (collectively "Defendants") Motion to Compel Arbitration and [to] Dismiss Plaintiff's Class and Collective Complaint filed by Mary Buckles ("Buckles"), Doc. #11; and (2) Motion for Leave to File First Amended Complaint, Doc. #19, filed by opt-in Plaintiff,

Michael Hunter McConnell, through his representative, Kacey Leann McConnell ("McConnell").

The motions have been fully briefed by Plaintiffs, Buckles and McConnell. Docs. ##14, 16, 21 and 22.

For the reasons set forth below, the Court (1) sustains Defendants' motion compelling arbitration and compelling Buckles to arbitrate any claims as an individual plaintiff; (2) overrules Defendants' motion to dismiss and sustains Defendants' motion to stay Buckles' claims against Defendants pending arbitration and (3) sustains McConnell's motion for leave to file a first amended complaint with Michael Hunter McConnell inserted as the named plaintiff and class representative and with McConnell to represent the interests of Michael Hunter McConnell ("opt-in Plaintiff"), as well as the interests of any of those similarly situated current and former employees of Defendants, who choose to opt in.

I.  **Factual and Procedural Background**

Buckles filed a Complaint against her former employer, EUBA, as well as the individual owners and operators, DePugh and Sharpe, alleging that Defendants failed to pay her and others minimum wages and overtime wages as required by federal and state law. These Defendants allegedly operate approximately 20 Domino's Pizza franchises in Ohio. Doc. #1, PAGEID#1. The Complaint alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

2

201, et seq.; the Ohio Constitution, Article II, Section 34a ("Section 34a"); the Ohio Minimum Wage Fairness Act ("OMFWSA"); O.R.C. 4111.01, et seq.; O.R.C. § 4113.15 (Ohio's "Prompt Pay Act"); and O.R.C. § 2307.60. Buckles seeks to represent the current and former delivery drivers employed by Defendants at the EUBA stores. Doc. #1, PAGEID#9.

The First and Second Counts of the Complaint allege FLSA violations for failure to pay minimum wage and overtime. These counts are asserted on behalf of Buckles "and all similarly situated current and former delivery drivers employed at the EUBA restaurants" owned by Defendants nationwide "during the three years prior to the filing of the Complaint" who elect to opt-in. Doc. #1, PAGEID#15. These two FLSA counts are referred to as the "FLSA Collective." *Id.* Violations of state law, under the Ohio Constitution, Article II, § 34a, OMFWSA, R.C. § 4113.15 and R.C. § 2307.60, are alleged in Counts Three, Four, Five and Six in the Complaint. These state law counts are brought under a typical Rule 23 class action where, unlike the FLSA Collective, affirmatively opting-in is not required, since each person who falls within the class definition is considered to be a member of the Rule 23 class.

Defendants responded to the Complaint by filing a motion to compel arbitration seeking to dismiss the class and collective action, Doc. #11, pursuant to Fed. R. Civil P. 12(b)(1) and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. Defendants argue that as a former employee of EUBA, Buckles signed an arbitration agreement which requires her to arbitrate all claims alleged in the

3

Complaint and to do so on an individual basis. Doc. #11-1, PAGEID##78-82. As an alternative to dismissal of the lawsuit, Defendants request that the Complaint be stayed pending the completion of the arbitration. *Id.*, PAGEID#65.

Shortly after Defendants' motion was filed, a Consent to Join Action was filed by McConnell, on behalf of her deceased father, Michael Hunter McConnell. Doc. #13.

Although the response filed by Buckles and McConnell opposes any dismissal of the case, Buckles does consent to a stay of her individual case in order to pursue arbitration against Defendants for those claims. Doc. #14. Counsel for Buckles and McConnell, however, further states in this response that they are investigating whether Michael Hunter McConnell signed any arbitration agreement. If he did not, then "Plaintiff Michael Hunter McConnell would seek to step in as a class representative." Doc. #14, PAGEID#87.

Defendants' reply, Doc. #16, argues that dismissal is appropriate since "[A]ny efforts to potentially amend Plaintiff's Complaint to add Mr. McConnell as a named plaintiff in the action are not currently before the Court and do nothing to preclude the dismissal of Plaintiff's Complaint."

Thereafter, McConnell filed her motion for leave to file a first amended complaint and argued that the Complaint should not be dismissed and that there was no evidence that her father signed an arbitration agreement. McConnell also asserted that an amended complaint, pursuant to Rule 15(a)(2), is appropriate since an amended complaint "will not cause undue delay, does not arise as a

4

result of bad faith or dilatory motive, and will not unduly prejudice Defendants." Doc. #19, PAGEID#136. Defendants, however, argued that because Buckles conceded that the arbitration agreement prevented her from proceeding further, the case must be dismissed. To do otherwise, "deprives Defendants of the benefits of the arbitration agreement and is inconsistent with the goals of the Federal Arbitration Act." Doc. #21, PAGEID#176. Defendants contend that this case should either be stayed or dismissed and that if McConnell has a claim that she wishes to pursue for her deceased father and others, "the proper vehicle is an independent suit, which she may attempt to bring on behalf of those similarly situated to her father if she so chooses." *Id.*

McConnell's reply, however, stated that as a result of her father opting-in, "[T]here are currently two Plaintiffs in this case: Mary Buckles and Michael Hunter McConnell (represented by his daughter Kacey)." Doc. #22, PAGEID#180. The Reply further states that Defendants "have obtained the benefit they bargained for with Ms. Buckles – she is pursuing her claims in individual arbitration. However, they are not permitted to use Ms. Buckles' arbitration agreement to block valid class claims asserted by other employees." *Id.*, PAGEID#181.

II.   **Legal Analysis**

There is no dispute between the parties that Buckles, as an employee of EUBA, signed an Arbitration Agreement. There is also no dispute that the terms of this document prevent her both from filing a lawsuit and also acting in a

representative capacity by asserting claims on behalf of others against Defendants. Doc. #11-1. PAGEID##78-82. Because there is agreement between the parties that the claims asserted by Buckles are arbitrable, the only issues that remain are (1) whether this case should be dismissed or stayed pending completion of Buckles's arbitration, with McConnell being required to file a new lawsuit against Defendants or (2) whether the opt-in Plaintiff, Michael Hunter McConnell ("opt-in Plaintiff"), can be substituted as the named plaintiff for Buckles with McConnell acting as representative as well as for those similarly situated.

Defendants contend that the opt-in Plaintiff cannot move to amend the Complaint because he is not the named plaintiff. Defendants also argue that once Buckles conceded that her claims were subject to the arbitration agreement, this case became non-justiciable with further motions becoming moot. Finally, Defendants assert that a motion to amend is not a valid defense to a pending motion to compel arbitration. In support of their arguments, Defendants cite to several district court cases enforcing arbitration agreements and also argue that courts regularly dismiss or stay FLSA cases prior to collective action certification regardless of whether other plaintiffs have opted in. Buckles and McConnell respond to these arguments primarily by asserting that their motion to amend should be sustained, since by "opting in" to the FLSA action, the opt-in Plaintiff

became a party plaintiff in his own right, 29 U.S.C. § 216(b),[1] that there is no evidence that the opt-in Plaintiff signed an arbitration agreement and that courts routinely substitute class representatives.

Although Defendants do not cite to any controlling Sixth Circuit authority for their arguments, they do cite to *Genesis Healthcare Corp. v. Symczk*, 569 U.S. 66 (2013) as support for their positions. In *Genesis Healthcare*, the named plaintiff-employee accepted an offer of judgment with respect to her individual claim. The Supreme Court held that as a result of the named plaintiff accepting an offer and being made whole, she no longer had any personal interest in representing others and there was no longer a justiciable issue since the collective action suit was moot. *Id.* at 73. Unlike this case, however, *Genesis Healthcare*, had no opt-in plaintiffs which, according to the Court, would result in a different outcome. "*In the absence of any claimant's opting in*, respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action." *Id.* at 73 (emphasis added). The Court further recognized that in FLSA actions, opt-in plaintiffs are parties. *Id.* at 75 ("[t]he sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court, § 216(b)."); *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 583 (6th Cir. 2009), abrogated on other

---

[1] "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b)

7

grounds by *Campbell–Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016) ("These opt-in employees are party plaintiffs, unlike absent class members in a Rule 23 class action."); *See also*, *Myers v. TRG Customer Solutions, Inc.,* No. 1:17-cv-00052, 2017 WL 5478398 (M.D. Tenn. Nov. 15, 2017) (compelling arbitration of named plaintiff's claims in FSLA action does not automatically require dismissal of the entire case where there are opt-in plaintiffs). In this case, because a notice of Consent to Join has been filed and there is an opt-in Plaintiff, a justiciable issue still exists and the case is not moot.[2]

Finally, although Buckles has conceded that she signed an arbitration agreement and is now bound by it, no such claim has been made that the opt-in Plaintiff also signed such an agreement. Moreover, although Defendants contend that if McConnell has claims she should simply file a new lawsuit on behalf of her deceased father and others similarly situated, this would neither further the interests of judicial economy nor the preservation of party resources.

### III. Conclusion

For all the foregoing reasons, the Court SUSTAINS in part and OVERRULES in part the Motion to Compel Arbitration and [to] Dismiss the Class and Collective Action Complaint, Doc. #11. Plaintiff, Mary Buckles, is to arbitrate all claims against Defendants as an individual plaintiff pursuant to the parties' arbitration

---

[2] Although not referenced in the pleadings, the docket indicates that a Notice of Consent to Join has been filed naming two additional plaintiffs. Doc. #23.

8

agreement. Doc. #11-1, PAGEID##78-82. Her individual claims against Defendants are stayed. The Motion for Leave to File First Amended Complaint, Doc. #19, filed by opt-in Plaintiff, Michael Hunter McConnell, through his representative, Kacey Leann McConnell, is SUSTAINED. Michael Hunter McConnell is substituted as the named plaintiff and class representative in place of Mary Buckles with Kacey Leann McConnell to represent the interests of Michael Hunter McConnell, as well as the interests of any of those similarly situated current and former employees of Defendants, who choose to opt-in.

Date: September 24, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE